# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Scott Allan Shirley,

    Petitioner

v.

J. Salazar, et al.,

    Respondents

Case No. 2:19-cv-00125-JAD-CWH

**Order Denying Pauper Application and Dismissing Action**

[ECF No. 1]

Pro se petitioner Scott Allan Shirley brings this habeas corpus petition under 28 U.S.C. § 2241. He alleges in his petition that was filed on January 22, 2019, that one of the special conditions of supervision in his September 11, 2018, judgment of conviction in this district in Case No. 2:17-cr-00236-RFB was preventing his immediate release to home confinement. That delay, he alleges, was causing him to not receive adequate medical care from the Bureau of Prisons. I deny Shirley's pauper application and dismiss this case without prejudice because the relief he seeks is not available through this §2241 habeas petition.

**Discussion**

**A.    Shirley's pauper application is incomplete and was submitted on the wrong form.**

Shirley did not use the court-required pauper application form to submit his application, and he also did not provide the required financial attachments. This district's local rule LSR 1-1 requires a person seeking pauper status to use the court's approved form. And when submitting that form, 28 U.S.C. § 1915(a)(2) and local rule LSR1-2 require the inmate to attach both a properly executed financial certificate and an inmate account statement for the past six months.

Shirley did not use the required form or attach the required financial materials. He therefore has not properly commenced this action.

**B.      A § 2241 petition is not the proper vehicle for Shirley's claims.**

Even if Shirley had submitted a proper and complete pauper application, his case must be dismissed because there is likely no subject-matter jurisdiction over his petition in any district because the type of relief he wants is available only via a motion under 28 U.S.C. § 2255 within his original criminal proceeding. A federal prisoner may not challenge the legality of his detention via a habeas petition under § 2241 unless a § 2255 motion is an inadequate or ineffective means to present the challenge.[1] If a challenge to a conviction or sentence is brought improperly in a § 2241 petition, the district court must dismiss the petition for lack of jurisdiction; and it may do so *sua sponte*.[2]

Shirley's petition seeks to set aside a special condition of supervision established in his judgment of conviction. He alleges that a § 2255 motion is an inadequate or ineffective remedy for this claim because the time for such a motion had expired, so § 2241 provided the only available remedy.[3] This argument misses the mark for two reasons. First, the fact that an otherwise proper § 2255 motion would be procedurally barred does not render a § 2255 motion an inadequate or ineffective remedy for purposes of this jurisdictional rule.[4] Second, the one-year limitation period for a § 2255 motion challenging a provision of the September 11, 2018, judgment of conviction in fact had not expired at the time that Shirley filed his petition, and it

---

[1] *E.g., Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).

[2] *E.g., Ivy v. Pontesso*, 328 F.3d 1057, 1058 n.1 (9th Cir. 2003); *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

[3] ECF No. 1-1, at 5.

[4] *Moore v. Reno*, 185 F.3d 1054 (1999).

2

remains open still.[5] Thus, no federal district court would have jurisdiction over Shirley's § 2241 petition.

**C.    At a minimum, Shirley's petition should be dismissed because he filed this petition in the wrong district.**

Even if *a* court could have jurisdiction to grant Shirley § 2241 relief, it wouldn't be *this* court. For petitions brought under § 2241, "the general rule . . . for core habeas petitions challenging present physical confinement [is that] jurisdiction lies in only one district: the district of confinement."[6] Shirley implicitly acknowledged this jurisdictional limitation when he, properly, named as respondent the warden of the federal correctional institution (FCI) in Sheridan, Oregon, where he was incarcerated at the time. The United States District Court for the District of Nevada does not have jurisdiction to decide a § 2241 petition brought against the FCI Sheridan warden in Oregon; that jurisdiction would only exist in Oregon.

When a § 2241 petition has been brought in the wrong district court, the court "shall, if it is in the interest of justice, transfer such action . . . to any other court in which the action . . . could have been brought at the time it was filed."[7] I find that dismissal without prejudice rather than transfer is in the interest of justice due to (1) the other deficiencies in Shirley's papers, (2) the likelihood that Shirley no longer is in the District of Oregon, (3) the further likelihood that this action has been mooted by intervening events.

---

[5] *See* 28 U.S.C. § 2255(f)(1).

[6] *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

[7] 28 U.S.C. § 1631; *see also Miller v. Hambrick*, 905 F.2d 259 (9th Cir. 1990) (applying § 1631 to a § 2241 petition).

3

Plus, it does not appear that a dismissal of this improperly commenced and deficient action without prejudice would result in collateral prejudice to Shirley. Not only does unexpired time remain within the limitation period for a timely § 2255 motion, but this action may well have become moot. Shirley claims that a special condition of supervision in the judgment of conviction was preventing his immediate release to home confinement and thereby allegedly was keeping him from obtaining proper medical care. But the Bureau of Prisons inmate locator[8] reflects that: (1) Shirley no longer is confined in a federal correctional institution; and (2) he instead is being managed by a residential reentry management field office in Phoenix, Arizona, with a projected release date of May 27, 2019. Minutes from an April 24, 2019, status conference held by Judge Boulware in Shirley's criminal case[9] further reflect that Shirley was "present at liberty" albeit "under the custody and supervision of the Bureau of Prisons," that both Shirley and his attorney spoke directly to Judge Boulware regarding his supervision, and that Judge Boulware continued Shirley on his present terms of release. It thus would appear that, to the extent that any continuing concerns remained at that time regarding Shirley's special conditions of supervision, he had a full opportunity on April 24, 2019, to speak directly to the judge who entered the judgment imposing those conditions. So, as both a practical and legal matter, Shirley will not sustain any collateral prejudice from a dismissal of this action without prejudice.

---

[8] https://www.bop.gov/inmateloc/ . Shirley's register number is 10544-046.
[9] 2:17-cr-00236-RFB.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **this case is DISMISSED** without prejudice, and Shirley's application to proceed in forma pauperis **[ECF No. 1] is DENIED** without prejudice as moot.

The Clerk of Court is directed to ENTER FINAL JUDGMENT and CLOSE THIS CASE.

Dated: June 4, 2019

_____
U.S. District Judge Jennifer A. Dorsey